UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM LEON MAROTZ,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, POLICE CHIEF GREG SUHR, COMMANDER ROBERT O'SULLIVAN, POLICE OFFICERS (864)(552)(1732)(165)(2323) (1013), TONEY GREETY, PERRY, YAMAMOTO, AND SAN FRANCISCO DISTRICT ATTORNEYS OFFICE,<br><br>            Defendants. | Case No. 14-cv-02958 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS CASE** |

On December 11, 2014, defendants filed a motion to dismiss pro se plaintiff William Marotz's first amended complaint. Dkt. No. 30. When Marotz failed to respond to defendants' motion by the December 29, 2014, deadline as required by the local rules, the Court issued an order giving Marotz until January 14, 2015, to file an opposition or a statement of nonopposition, and to show cause why this action should not be dismissed. Dkt. No. 32. The order explained that Marotz's failure to respond will result in dismissal of this case with prejudice. *Id.* Marotz has not responded to the motion to dismiss or the Court's order to show cause.

Accordingly, the Court finds that it is appropriate to dismiss this case for failure to follow the local rules, Court orders, and for failure to prosecute. "District courts have

Case No. 14-cv-02958 NC
REFERRAL AND
RECOMMENDATION

inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). The district court's inherent power includes the power to dismiss a case sua sponte for lack of prosecution. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). In *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Furthermore, although the Court construes pleadings liberally in favor of pro se litigants, they are bound by the rules of procedure. *Ghazali*, 46 F.3d at 54.

Here, the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to the defendants all weigh in favor of dismissal. This is the second of three similar lawsuits Marotz has filed against the City and County of San Francisco and its employees. *See* Dkt. No. 30 at 3; *Marotz v. City of San Francisco and others*, No. 13-cv-01677 DMR; *Marotz v. City and County of San Francisco, and others*, No. 14-cv-04494 JCS. The first case was dismissed and the dismissal was affirmed on appeal. No. 13-cv-01677 DMR, Dkt. No. 116. In this case, the Court gave Marotz additional time to file an opposition or a statement of nonopposition to the motion to dismiss and warned him that failure to respond will result in dismissal with prejudice. Dkt. No. 32. The Court's order was served on Marotz by mail and email. Dkt. No. 32-1. Despite this notice of the potential consequences, Marotz did not respond to the Court's order. The Court finds that less drastic sanctions are not available and that, despite the public policy favoring disposition of cases on their merits, the balance of the relevant factors weighs in favor of dismissal.

Marotz, and defendants the City and County of San Francisco, Chief Greg Suhr and

Case No. 14-cv-02958 NC
REFERRAL AND
RECOMMENDATION                        2

1  Captain Robert O'Sullivan have consented to the jurisdiction of a United States Magistrate
2  Judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 14, 33. However, defendant Officers 864,
3  552, 1732, 165, 2323, 1013, Toney, Greety, Perry, and Yamamoto have not consented.
4  Those defendants specially appeared and moved to dismiss the complaint on the basis that
5  the Court lacks jurisdiction over them as they were improperly served. Dkt. No. 30.
6  Because not all parties have consented, in the abundance of caution, this matter will be
7  reassigned to a District Court Judge. The Court RECOMMENDS that the District Court
8  DISMISS this case WITH PREJUDICE.
9       Any party may object to this recommendation under Federal Rule of Civil Procedure
10 72(b)(2) within fourteen days after being served with a copy.
11      IT IS SO ORDERED.
12      Date: January 23, 2015

Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-02958 NC
REFERRAL AND                          3
RECOMMENDATION